11/10/2016 4:04:44 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-005551
Ruben Tamez

CAUSE NO. D-1-GN-16-005551

| | | |
|---|---|---|
| ALEXANDER WRIGHT, *Plaintiff*, | § | IN THE DISTRICT COURT OF |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| VOLKSWAGEN GROUP OF AMERICA, INC. and AUDI OF AMERICA, LLC, *Defendants*. | § § § § | 98TH JUDICIAL DISTRICT |

Unofficial Copy Travis Co. District Clerk Velva L. Price

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, ALEXANDER WRIGHT,** Plaintiff herein, complaining of and against **VOLKSWAGEN GROUP of AMERICA, INC.** and **AUDI of AMERICA, LLC**, hereinafter referred to as Defendants, and files this his Original Petition.

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends discovery to be conducted under Level 3 pursuant to the TRCP 190.4.

**AMOUNT IN CONTROVERSY**

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

**PARTIES**

3. Plaintiff Alexander Wright resides in Austin, Texas.

4. Defendant **VOLKSWAGEN GROUP OF AMERICA, INC.** (Volkswagen) is a New Jersey corporation authorized to do business in Texas and may be served with citation through its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant **AUDI OF AMERICA, LLC** ("Audi") is a foreign corporation created under the laws of Delaware doing business in the State of Texas. Audi is not registered in Texas and/or has not designated an agent for service of process in Texas. Pursuant to Tex. Bus. Org. Code §5.251, Audi may be served through the Texas Secretary of State. Audi's Corporate Headquarters address is 2200 Ferdinand Porsche Dr., Herndon, VA 20171-5884.

## JURISDICTION

6. The Court has jurisdiction over this cause because the amount in controversy is within the jurisdictional limits of the Court.

## VENUE

7. Venue is proper in Travis County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County.

## STATEMENT OF FACTS

8. The United States Government, through the Environmental Protection Agency (EPA), has passed and enforced laws designed to protect United States citizens from pollution and in particular, certain chemicals and agents known to cause disease in humans. Automobile manufacturers must abide by these US laws and must adhere to EPA rules and regulations. This case arises because Plaintiff claims that Defendants Volkswagen Group of America, Inc. ("Volkswagen") and Audi of America, LLC ("Audi") purposefully and intentionally breached the laws of the United States and the rules and regulations of the EPA by selling in the United States vehicles manufactured by its affiliates Volkswagen AG and Audi AG that purposefully evaded federal and state laws. As stated by Cynthia Giles, Assistant Administrator for the Office

Unofficial copy Travis Co. District Clerk Velva L. Price

of Enforcement and Compliance Assurance at the EPA: "Using a defeat device in cars to evade clean air standards is illegal and a threat to public health." Yet that is exactly what Defendants did in its 2009 - 2015 Volkswagen and Audi diesel vehicles. [1]

9. As detailed in the EPA's Notice of Violation ("NOV"), sophisticated software in the Volkswagen and Audi diesel vehicles sold by Defendants in the United States detects when the vehicle is undergoing official emissions testing and turns full emissions controls on only during the test. But otherwise, at all other times that the vehicle is running, the emissions controls are suppressed. This results in cars that meet emissions standards in the laboratory or state testing station, but during normal operation emit nitrogen oxides (NOx) at up to 40 times the standard allowed under United States laws and regulations. The software produced and used by Defendants is a "defeat device" as defined by the Clean Air Act.

10. The Clean Air Act has strict emissions standards for vehicles and it requires vehicle manufacturers to certify to the EPA that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA issued certificate of conformity. Under federal law, cars equipped with defeat devices, which reduce the effectiveness of the emissions control system during normal driving conditions, cannot be certified. By manufacturing and selling cars with defeat devices that allowed for higher levels of emissions than were certified to EPA, Defendants violated the Clean Air Act, defrauded its customers, and engaged in unfair competition under state and federal law.

11. According to the EPA's NOV, Volkswagen installed their "defeat device" in at least the following diesel models of its vehicles (the "Affected Vehicles"): (Model Year) MY 2009-2015

Unofficial Copy Travis County District Clerk Velva L. Price

[1] See September 18, 2015 EPA News Release.

VW Jetta; MY 2009 - 2015 VW Beetle; MY 2009 - 2015 VW Golf; MY 2012 - 2015 VW Passat; and MY 2009 - 2015 Audi A3.

12. Defendants expressly marketed and advertised its "Clean Diesel" models as extraordinarily clean, EPA-certified in all 50 states, and powerful. Defendants have charged a substantial premium for the Affected Vehicles, ironically marketed by Defendants as "Clean Diesel." For example, for the 2015 Volkswagen Jetta, the base S model has a starting MSRP of $18,780. The base TDI S Clean Diesel, however, has a starting MSRP of $21,640, a price premium of $2,860. The Clean Diesel premium for the highest trim Jetta model is substantially higher. The highest level gas Jetta SE has a starting MSRP of $20,095, while the Clean Diesel TDI SEL MSRP is $26,410, a staggering $6,315 premium. These premiums occur across all of the vehicles in which Defendants installed their "defeat device" for emissions testing.

13. Defendants have been ordered by the EPA to recall the Affected Vehicles and repair them so that they comply with EPA emissions requirements at all times during normal operation. However, Defendants will not be able to make the Affected Vehicles comply with emissions standards without substantially degrading their performance characteristics, including their horsepower and their efficiency. As a result, even if Defendants are able to make the Affected Vehicles EPA compliant, owners will nonetheless suffer actual harm and damages because their Vehicles will no longer perform as they did when purchased and as advertised. This will necessarily result in a diminution in value of every Affected Vehicle and it will cause owners of Affected Vehicles to pay more for fuel while using their vehicles.

14. As a result of Defendants' unfair, deceptive, and/or fraudulent business practices, and their failure to disclose that under normal operating conditions the Affected Vehicles emit 40 times the allowed levels, owners and/or lessees of the Affected Vehicles have suffered losses in

Unofficial Copy Travis Co. District Clerk Velva Price

money and/or property. Had Plaintiff and other owners of Affected Vehicles known of the "defeat device" at the time they purchased or leased their Affected Vehicles, they would not have purchased or leased that Vehicle, or would have paid substantially less for the Vehicles than they did. Moreover, when and if Defendants recall the Affected Vehicles and degrade the Clean Diesel engine performance in order to make the Affected Vehicles compliant with EPA standards, owners will be required to spend additional sums on fuel and will not obtain the performance characteristics of their Vehicles that they were promised when purchased or leased. Moreover, the Affected Vehicles will necessarily be worth less in the marketplace because of their decrease in performance and efficiency.

15. On January 16, 2012, Plaintiff Alexander Wright purchased a new 2012 Audi A3 Sportback, VIN: WAUKJBFM0CA096882, from Audi North Austin in Austin, Texas for approximately $38,000.

Unofficial copy Travis County District Clerk Velva L. Price

**CAUSE OF ACTION**

**Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")**

16. Plaintiff is a "consumer" as defined in the DTPA.

17. Defendants violated the following provisions of the DTPA:

(1) §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices that were detrimentally relied upon by Plaintiff as defined in:

(a) §17.46(b)(5) - representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not. Defendants represented fuel mileage with knowledge that such fuel mileage could

not be attained if the Vehicle was compliant with EPA standards. Defendants have admitted that the stated fuel mileage will be reduced if the Vehicles are brought within EPA standards.

(b) §17.46(b)(7) - representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Defendants represented that the Vehicles were of a particular standard, quality, or grade when in fact they were of another. The representations made by Defendants were of a material nature and upon which Plaintiff relied to his detriment. Had Plaintiff known that the material representations made by Defendants were false he would not have purchased the Vehicle.

(c) §17.46(b)(9) - advertising goods or services with intent not to sell them as advertised. Defendants advertised "Clean Diesel", but had no intention of selling "Clean Diesel" vehicles.

(d) §17.46(b)(24) - failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Defendants failed to disclose the use of the "defeat device" in their Vehicles to artificially inflate the Vehicles' Clean Diesel qualities, which was known or should have been known at the time of the transaction and the failure to disclose such information was intended to induce Plaintiff into a transaction into

Unofficial Copy Travis County District Clerk Velva L. Price

which Plaintiff would not have entered had the information been disclosed. The representations made by Defendants were of a material nature and upon which Plaintiff relied to his detriment. Had Plaintiff known that the material representations made by Defendants were false he would not have purchased the Vehicle.

(2) §17.50(2): breach of express warranty, as defined in §2.313 of the Tex. Bus. And Com. Code;

(3) §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987);

(4) §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Tex. Bus. And Com. Code; § 17.45(5); and

(5) §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

18. The limited remedies in the manufacturers' warranties failed of its essential purpose and deprived Plaintiff of the substantial value of the bargain because Defendants did not correct the defects within a reasonable time. Tex. Bus. And Com. Code §2.719. Additionally, the exclusion of consequential damages is unconscionable.

19. Plaintiff further contends that Defendant's violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA.

20. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

Unofficial Copy Travis Co. District Clerk Velva L. Price

21. Plaintiff invokes the discovery rule. This action was commenced within two years after Plaintiff discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive acts or practices.

**DAMAGES**

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages, including direct, consequential and incidental damages in an amount within the jurisdictional limits of this Court. Such damages include, but are not limited to:

(1) diminished value of the Vehicle (the difference at the time and place of acceptance between the value of the Vehicle as accepted and the value it would have had if it had been as warranted or represented); and

(2) out of pocket expenses, including increased fuel costs due to reduced fuel mileage that will occur when Defendant attempts to make the Vehicle compliant with EPA standards.

23. Because the conduct of Defendants was done knowingly and intentionally, Plaintiff is entitled to additional damages for a knowing and/or intentional violation of the DTPA pursuant to §17.50(b)(1), in an appropriate amount to be determined by the jury.

**ATTORNEY'S FEES**

24. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, which include the following:

a. preparation and trial of this lawsuit;

b. post-trial, pre-appeal legal services;

c. an appeal to the Court of Appeals;

Unofficial Copy Travis Co. District Clerk Velva L. Price

d. making or responding to an application for writ of error to the Supreme Court of Texas;

e. an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and

f. post-judgment discovery and collection m the event execution on the judgment is necessary.

**CONDITIONS PRECEDENT**

25. All notices and other conditions precedent to Plaintiffs' right to recover herein have been performed or have occurred.

**REQUEST FOR DISCLOSURE**

26. Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose the information or material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial, he recovers his actual damages, additional statutory damages, exemplary damages, attorneys' fees, costs of court, pre-judgment and post-judgment interest at the highest legal rates, and such other and further relief, both general and special, at law or in equity, to which he may be justly entitled.

Unofficial copy Travis Co. District Clerk Velva L. Price

Respectfully submitted,

SHAW COWART, LLP

ETHAN L. SHAW
elshaw@shawcowart.com

Texas Bar No. 18140480
JUSTIN W. FISHBACK
jfishback@shawcowart.com
Texas Bar No. 24056736
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
(512) 499-8900 telephone
(512) 320-8906 facsimile
ATTORNEYS FOR PLAINTIFF

**Plaintiff respectfully requests a trial by jury.**

Unofficial copy Travis Co. District Clerk Velva L. Price

# CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: ____________ COURT *(FOR CLERK USE ONLY)*: ____________

STYLED ALEXANDER WRIGHT vs. VOLKSWAGEN GROUP OF AMERICA, INC. and AUDI OF AMERICA, LLC

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

**1. Contact information for person completing case information sheet:**

Name: ETHAN L. SHAW
Email: elshaw@shawcowart.com
Address: 1609 Shoal Creek Blvd, Ste. 100
Telephone: 512-499-8900
City/State/Zip: Austin, TX 78701
Fax: 512-320-8906
Signature: *[signature]*
State Bar No: 18140480

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Alexander Wright

Defendant(s)/Respondent(s):
Volkswagen Group of America, Inc.
Audi of America, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- ☒ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: ____________

Additional Parties in Child Support Case:

Custodial Parent: ____________

Non-Custodial Parent: ____________

Presumed Father: ____________

Unofficial Copy Travis Co. District Clerk Velva L. Price

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW

## *Civil*

**Contract**

*Debt/Contract*
- ☒ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: ____________

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: ____________

OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: ____________
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: ____________
- ☐ Other Injury or Damage: ____________

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: ____________

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other: ____________

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: ____________

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: ____________

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

## *Family Law*

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: ____________

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child: ____________

## *Probate & Mental Health*

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: ____________

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ **Bill of Review**
- ☐ Certiorari
- ☐ **Class Action**
- ☐ **Declaratory Judgment**
- ☐ **Garnishment**
- ☐ **Interpleader**
- ☐ **License**
- ☐ **Mandamus**
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ **Protective Order**
- ☐ **Receiver**
- ☐ **Sequestration**
- ☐ Temporary Restraining Order/**Injunction**
- ☐ Turnover

OPTION C: SECTION 3 PROCEDURES/REMEDIES IN BOLD MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION 2 BLANK. SELECTING A CASE TYPE IN SECTION 2 OVERRIDES ANY SELECTION IN SECTION 3.